HARRIS, Chief Judge.
The first issue to be decided in this appeal is whether appellants, at this time, have standing to raise their present challenge. Because we find that they do not, we dismiss the appeal.
*178 The basic facts are not disputed. In a foreclosure action by Sun Bank against appellants, Jeffrey A. Conley was appointed receiver of appellants’ assets. During the course of the receivership, a dispute arose between Sun Bank and GMAC as to priority to certain portions of the receivership funds. Those two parties stipulated to an agreed settlement of their dispute which the receiver honored in spite of appellants’ protest.
Appellants claim no entitlement to the funds being held by the receiver. Their contention that they are entitled to an accounting of the receiver’s management of the receivership can better be addressed when the receiver seeks an order of discharge. There remains, after all, a receivership bond. If the receiver has not managed the receivership properly and appellants can show that they have suffered damages because of that mismanagement, the receiver and his bond may be answerable.
If additional efforts are taken in the future to collect the almost $5,000,000 judgment against appellants, they are not prejudiced by the settlement of the dispute between Sun Bank and GMAC concerning the relative priority of the claimants to the funds being held in the receivership, nor are they bound by the amount pf the fees awarded to the attorneys or the receiver.[1] As appellants state in their brief, “Mppellants did not execute, subscribe to or consent to the “Joint Motion” and therefore said motion is of no force against the Appellants ...” It is precisely because appellants’ rights are not affected by the order [they are free to litigate any issue covered by the order if it ever becomes relevant for them to do so] and because they assert no right to have the funds in the receivership distributed to them, that they lack standing to challenge this order.[2] If it becomes necessary to determine the amount remaining due on their indebtedness on the judgment, they are not precluded from challenging the payment to Sun Bank or the amount of fees paid pursuant to the order.
Further, the fact that Sun Bank and GMAC waived their right to an accounting does not prevent appellants from seeking one. In short, at this time, the order does not affect the rights of appellants and they lack standing to pursue this appeal.
This cause is DISMISSED.
W. SHARP and THOMPSON, JJ., concur.

. The order awarded final attorney’s fees of $78,-000 and final receiver fees of $97,000. However, GMAC is required to pay the total ($175,000) to the receiver to fund payment of these fees. Neither the receiver nor his attorneys are permitted to seek any additional compensation. Thus, the fees are actually coming from GMAC, not the receivership estate and the receiver and his attorneys are not allowed to claim anything from the receivership estate.

. Appellants, by their argument, seem to concede that the court could have properly distributed the funds to Sun Bank. If so, then Sun Bank can do with the money as it sees fit. If Sun Bank improperly agreed to give some of the funds to GMAC, appellants can raise this when they can show that their rights have been affected by the distribution to GMAC. This would only be so if the proceeds from the sale of their assets were not properly applied to their indebtedness.